No. 14963

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA,

Plaintiff and Appellant,

vs.

RUDY WHITESHIELD and
PAUL SCOTT SORENSEN,

Defendants and Respondents.

---

Appeal from: District Court of the Third Judicial District,
Honorable John B. McClernan, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Ted Mizner, County Attorney, Deer Lodge, Montana

For Respondents:

Byron W. Boggs, Anaconda, Montana

---

Submitted on briefs: Dec. 28, 1979

Decided: JAN 18 1980

Filed: JAN 1 1980

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the State of Montana from an order of the Powell County District Court, the Honorable John B. McClernan presiding, dismissing charges of a felony escape which had been filed against the defendants.

Defendants were inmates in the Montana State Prison and both were participants in a prisoner furlough program. Defendant Whiteshield walked away from his furlough in Butte, Montana, was arrested in Lincoln, Nebraska and was returned to the State of Montana. The defendant Sorenson walked away from his furlough in Missoula, Montana, was arrested in San Diego, California and returned to the State of Montana. Both had their furloughs revoked and were charged with a felony escape under section 45-7-306, MCA. The District Court dismissed the charges on the basis that walking away from a furlough is not a felony escape under the statute.

The sole issue is whether leaving a furlough is a felony escape.

Section 45-7-306, MCA reads in whole as follows:

"ESCAPE. (1) "Official detention" means imprisonment which resulted from a conviction for an offense, confinement for an offense, confinement of a person charged with an offense, detention by a peace officer pursuant to arrest, detention for extradition or deportation, or any lawful detention for the purpose of the protection of the welfare of the person detained or for the protection of society. 'Official detention' does not include supervision of probation or parole, constraint incidental to release on bail, or an unlawful arrest unless the person arrested employed physical force, a threat of physical force, or a weapon to escape.

"(2) A person subject to official detention commits the offense of escape if he knowingly or purposely removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose of limited time.

"(3) A person convicted of the offese of escape shall be:

"(a) imprisoned in the state prison for a term not to exceed twenty (20) years if he escapes from a state prison, county jail, or city jail by the use or threat of force, physical violence, weapon, or simulated weapon;

"(b) imprisoned in the state prison for a term not to exceed ten (10) years if he:

"(i) escapes from a state prison, county jail, or city jail; or

"(ii) escapes from another official detention by the use or threat of force, physical violence, weapon, or simulated weapon; or

"(c) fined not to exceed five hundred dollars ($500) or imprisoned in the county jail for a term not to exceed 6 months, or both, if he commits escape under circumstances other than (a) and (b) of this subsection."

The first two paragraphs of this statute define the crime of escape. The third paragraph, which is controlling, defines the punishment for the crime of escape and delineates felony escape from misdemeanor escape.

The respondents herein do not argue that section 45-7-306, MCA does not apply to them. Both of them admit walking away from a furlough situation, however they argue that the statute can only be applied to them on the basis of a misdemeanor charge. The respondents do not contest the State's argument that they were subject to the official detention under paragraph 1 or that they committed the offense of escape under paragraph 2 of the statute.

Respondents' argument is that they did not commit an offense by the use of force and therefore they are not

-3-

punishable under paragraph 3(a) or 3(b)(ii) of the statute and they did not escape from the state prison, a county jail, a city jail, and are therefore not punishable under 3(b)(i) of the statute.

The State does not contest respondents' argument that the escape was not by means of force. The appellant State does contest that the escape was not from the state prison. The State argues respondents actually escaped from the state prison, relying on section 46-23-402, MCA. In analyzing this argument, we first find that it flies in the face of common sense. The fact is, Sorenson escaped while he was on furlough in the City of Missoula with freedom to walk the streets of that city. Likewise, Whiteshield escaped while on furlough in the City of Butte with freedom to move about that city. To say that they were in a state prison just is not true, and in our opinion it would amount to fiction inadequate to form the basis for a felony conviction.

Second, section 46-23-402, MCA relied on by the appellant State does nothing to answer the question of this case. That section does say that a furlough "shall serve to extend the limits of confinement for treatment as well as for jurisdictional purposes." But, that language does not answer whether leaving furlough is a felony or a misdemeanor escape. Only the language of the escape statute itself can answer this question. Section 46-23-402, MCA only provides the basis for making leaving furlough a crime. If a furloughee was not under the jurisdiction of a prison, leaving furlough would not be an escape at all.

Third, we agree with respondents' contention that the State's argument ignores the purposes expressed in paragraph

3 of the escape statute. That paragraph classifies the escape according to the risk that is created. Escaping from the state prison creates a serious risk deserving of a felony punishment because the prison is maintained by guards who have a duty to prevent escapes and the circumstances are such that attempts to escape create the risk of violence. The risk of violence is increased where the escapee uses force. Thus under paragraph 3(a), a forceful escape from the prison may be punished by up to twenty (20) years in prison; and under 3(b) an escape from a prison is punishable with up to ten (10) years. Leaving the location of one's furlough does not create a risk. And the fact that their escape does not create a risk is the basis for treating these circumstances as a misdemeanor under paragraph 2.

We note that the official commission comment on section 45-7-306, MCA in the first paragraph reads as follows:

> "The section classifies escapes according to the risk they create. Punishment is more severe for the offense when committed by use of or threat of force, physical violence, weapon or simulated weapon. The grading of the offense by relying on the prisoner's use of force is actually a return to the common law, since early common law clearly distinguished between escapes with and without the use of force. The grading scheme implicit in the old code by which punishment is provided in reference to the type of confinement, is not entirely abandoned in section 94-7-306. (Now § 45-7-306, MCA.) For example, use of force in escaping from a noninstitutional detention calls for a lesser punishment than escape from the prison, county or city jail. Further, an escape without use of force from a noncustodial detention as provided in subsection 3(c) removes the offense from the felony category altogether."

This commission comment makes clear that under the circumstances in this case the respondents were punishable only under the misdemeanor section of the escape statute. Therefore, we affirm the District Court's dismissal of the felony charge.

-5-

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-6-