No. 80-104

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

MIKE K. KYLE,

Defendant and Appellant.

---

Appeal from: District Court of the Third Judicial District,
In and for the County of Powell,
Honorable Robert Boyd, Judge presiding.

---

Counsel of Record:

For Appellant:

Byron W. Boggs, Anaconda, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Ted L. Mizner, County Attorney, Deer Lodge, Montana

---

Submitted on briefs: May 27, 1980

Decided: JUL 2 8 1980

Filed: JUL 2 8 1980

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellant Kyle appeals from his conviction in the District Court, Third Judicial District, Powell County, of the charge of felony escape in violation of section 45-7-306(3)(b), MCA.

The case was submitted to the District Court on an agreed statement of facts. On October 18, 1978, the District Court, Cascade County, sentenced appellant Kyle to seven years in the Montana State Prison for criminal mischief and eight years for burglary. The sentences were to be served concurrently. On February 27, 1979, Kyle was transferred from the State Prison to the Swan River Youth Forest Camp. Kyle left the Youth Camp without authorization on August 23, 1979. On November 2, 1979, Kyle turned himself over to Florida authorities for return to Montana.

Based on these facts, Kyle was found guilty of felony escape under section 45-7-306(3)(b), MCA, and was sentenced to three years in the State Prison. The sentence was to run consecutively with any other unserved sentences.

The sole issue for review is whether Kyle's departure from the Youth Camp is a felony escape under section 45-7-306(3)(b), MCA.

Appellant argues as his sole defense that the recent case of State v. Whiteshield (1980), ___ Mont. ___, 605 P.2d 189, 37 St.Rep. 89, controls here. In that case, we held that a departure from a work furlough is not an escape from the State Prison. We hold here that the Whiteshield rationale does not apply.

In Whiteshield this Court cited three reasons why an escape of a prisoner on furlough does not constitute a

-2-

felony escape. First, we noted that the defendants in White-shield each escaped while they had freedom to move about the cities where they were on furlough. Second, we examined the furlough statute and found it inadequate when read with the escape statute to demonstrate a legislative intent that escape while on furlough justifies a felony punishment. And third, we emphasized the Commission Comment accompanying the escape statute.

Appellant's case is distinguishable from Whiteshield within the context of each of the three reasons applied by this Court. First, persons incarcerated at the Swan River Youth Forest Camp are not free to move about in the same manner as a person on furlough. Detention at the Swan River facility is similar to a minimum security status at the main prison. In fact, all of the residents of the Swan River facility have come there from the prison through a classification process. A stricter criteria for furlough eligibility along with the necessity of approval from the Board of Pardons demonstrates a lesser risk factor with respect to the inmates on furlough. Persons assigned to Swan River Youth Forest Camp are still very much in prison and subject to its authority.

Second, section 45-7-306(3)(b)(i), MCA, contemplates escape from the Swan River facility. That section provides:

"A person convicted of the offense of escape
shall be:

". . .

"(b) imprisoned in the state prison for a term
not to exceed 10 years if he:

"(i) escapes from a state prison, county jail,
or city jail . . ."

The term "a state prison" is not defined in the Criminal Code. However, the legislature's use of the modifier "a" rather than "the" indicates that it did not intend that the term be read exclusively. To paraphrase this Court's language in Whiteshield, it flies in the face of common sense to say that Swan River is not a "prison." Only felons are committed to Swan River and only through the Montana State Prison.

Finally, the purposes expressed in the Commission Comment accompanying the escape statute support the conclusion that escape from the Swan River Youth Forest Camp is a felony escape. The first paragraph of the Commission Comment reads:

> "[This section] classifies escapes according to the risk they create. Punishment is more severe for the offense when committed by the use of or threat of force, physical violence, weapon or simulated weapon. The grading of the offense by relying on the prisoner's use of force is actually a return to the common law, since early common law clearly distinguished between escapes with and without use of force. The grading scheme implicit in the old code by which punishment is provided in reference to the type of confinement, is not entirely abandoned in section 94-7-306. [Now section 45-7-306, MCA.] For example, use of force in escaping from a noninstitutional detention calls for a lesser punishment than escape from the prison or county or city jail. Further, an escape without use of force from a noninstitutional detention as provided in subsection 3(e) removes the offense from the felony category altogether."

The above comment draws a clear distinction between institutional and noncustodial or noninstitutional detention by its use of the latter terms. There is no question that the Swan River Youth Forest Camp is a detention facility, staffed by persons charged at least in part with the task of preventing escape from the facility. Certainly the risk created by an escape from Swan River is much greater than

the risk created by the escape of an individual who is on furlough. Consistent with the legislative purpose of classifying escapes in accordance with the risks they create, we find the District Court properly deemed appellant's escape to be of felony proportions.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice John C. Sheehy dissenting:

This case is controlled by State v. Whiteshield (1980), ___ Mont. ___, 605 P.2d 189, 37 St.Rep. 89. The majority in this case is backtracking from the position we took in Whiteshield to the effect that whether escape is a felony or a misdemeanor depends upon the degree of risk which the escape creates. This was obviously the intent of the commission that drew up the statute and it was also our intent in handing down the decision in Whiteshield.

To be clear about it, Swan River Youth Forest Camp is not a state prison. It is true that only felons are committed to the camp, but it is also true that only felons are placed on furlough, and in Whiteshield, that single factor was not enough for us to decide that an escape from a furlough was a felony.

Under sections 41-5-523(2)(b) and 41-5-523(3), MCA, a delinquent youth between sixteen and twenty-one years of age may not be committed or transferred to a penal institution or other facility used for the execution of sentence of able persons convicted of crimes unless there is first a determination made as to whether the youth should be assigned to the Youth Forest Camp. Contrary to what is said in the majority opinion, the Youth Forest Camp is not a prison, but is rather a place where a work program is established by the camp superintendent and the Department of Natural Resources and Conservation (section 53-30-205, MCA) to rehabilitate the youthful offender. The very purpose of the legislature in establishing a Youth Forest Camp was to avoid imprisonment of youthful offenders in the state prison.

While Youth Forest Camp residents are not free to move

-6-

about like persons on furlough, this should not be a point of emphasis in our decision. Our escape statute places less emphasis on the type of confinement than on the type of risk created by the escape.

I would reverse the District Court.

John C. Shuhy