No. 89-594

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

Plaintiff and Appellant,

v.

RICHARD SAVARIA,

Defendant and Respondent.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Hon. Marc Racicot, Attorney General; Jennifer M.
Anders, Assistant Attorney General; Helena, Montana

Harold Hanser, County Attorney; Curtis L. Bevolden,
Deputy County Attorney; Billings, Montana

For Respondent:

John L. Adams, Billings, Montana

Submitted on Briefs:  September 27, 1990

Decided:  October 30, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The State of Montana appeals the judgment of the Thirteenth Judicial District, Yellowstone County, which sentenced Richard Savaria to six months of imprisonment for misdemeanor escape under § 45-7-306(3)(c), MCA, following a jury trial that found Savaria guilty of a general violation of escape. The State argues that Savaria should have been sentenced for felony escape under § 45-7-306(3)(b)(i), MCA. We affirm.

The State raises the following issue:

Did the District Court properly sentence Savaria for misdemeanor escape under § 45-7-306(3)(c), MCA?

On April 12, 1990, Richard Savaria was among eight prisoners transported from the Yellowstone County Detention Facility to the Yellowstone County Courthouse for law and motion proceedings. On that day, Savaria was to be sentenced for a felony theft charge to which he had pled guilty. The court, however, did not sentence Savaria on that day due to his attorney's absence; the court continued his sentencing to the following week.

Following the close of law and motion, the eight prisoners were ushered, single-file, out of the courtroom and down a winding hall to the security elevator. One transport officer led the procession and another took up the rear. All of the prisoners were handcuffed and bellychained, and at no time during their court appearance or transport were the shackles removed. Savaria's

shackles, however, were hidden from view by the suit coat he was wearing.

While the procession was walking through the winding hallway, Savaria slipped unnoticed into a public elevator and exited the building through the front door. Shortly thereafter, the transporting officers noticed Savaria's absence and radioed the sheriff's office for assistance in apprehending him. Savaria was apprehended approximately three hours later in the nearby Grand Building, where he had first gotten a shave and a haircut at a barber shop prior to his eventual arrest in a basement restroom.

On April 17, 1989, Savaria was charged by information with felony escape in violation of § 45-7-306(3)(b)(i), MCA. The information was later amended to charge a general violation of escape under § 45-7-306, MCA. Savaria entered a plea of guilty to the original charge, but changed his plea to not guilty after the State filed a notice of intent to have Savaria adjudged a persistent felony offender. On September 26, 1989, following a jury trial, Savaria was found guilty of a general violation of escape.

At the sentencing hearing, the State argued that Savaria should be sentenced for felony escape under § 45-7-306(3)(b)(i), MCA. The District Court, however, found that Savaria had not escaped from "county jail" as required for felony escape under § 45-7-306(3)(b)(i), MCA, and accordingly, sentenced Savaria to six months imprisonment under misdemeanor escape, § 45-7-306(3)(c), MCA, this sentence to run consecutively with an eight-year term he

3

was serving at the Montana State Prison. From this sentence, the State appeals.

Did the District Court properly sentence Savaria for misdemeanor escape under § 45-7-306(3)(c), MCA?

Section 45-7-306(3), MCA, provides:

> (3) A person convicted of the offense of escape shall be:
>
> (a) imprisoned in the state prison for a term not to exceed 20 years if he escapes from a state prison, county jail, city jail, or supervised release program by the use or threat of force, physical violence, weapon, or simulated weapon;
>
> (b) imprisoned in the state prison for a term not to exceed 10 years if he:
>
> (i) escapes from a state prison, county jail, city jail, halfway house, life skills center, or supervised release program; or
>
> (ii) escapes from another official detention by the use or threat of force, physical violence, weapon, or simulated weapon; or
>
> (c) fined not to exceed $500 or imprisoned in the county jail for a term not to exceed 6 months, or both, if he commits escape under the circumstances other than (a) and (b) of this subsection.

This Court has held that criminal statutes are to be strictly construed. Shipman v. Todd (1957), 131 Mont. 365, 368, 310 P.2d 300, 302.

The District Court held that because Savaria was not physically within the confines of the county jail when he escaped from

4

custody, he could not be sentenced for felony escape under § 45-7-306(3)(b)(i), MCA. Accordingly, the District Court sentenced Savaria to six months imprisonment for misdemeanor escape under § 45-7-306(3)(c), MCA. The State argues that the District Court interpreted "county jail" too literally. Rather, the State argues that the court should have considered the degree of risk and the nature of the confinement to determine whether Savaria's offense was a felony or misdemeanor citing State v. Whiteshield (1980), 185 Mont. 208, 605 P.2d 189, and State v. Kyle (1980), 189 Mont. 38, 614 P.2d 1059. We disagree.

In 1980, this Court held in Whiteshield that a departure from a prison furlough program was not a felony escape because a prison furlough program was not a "state prison" under § 45-7-306(3)(b)(i), MCA, and this escape did not create a risk of violence. Whiteshield, 185 Mont. at 211, 605 P.2d at 190-91. Later in 1980, in Kyle, this Court held that a departure from a youth camp was a felony escape because a youth camp is a "state prison" under § 45-7-306(3)(b)(i), MCA, and this escape created a greater risk of violence than found in Whiteshield because of the stronger degree of confinement in a youth camp than a furlough program. Kyle, 189 Mont. at 39-41, 614 P.2d at 1060-61.

In 1981, the Montana Legislature reversed Whiteshield by amending § 45-7-306(3)(b)(i), MCA, to further include escapes from halfway houses, life skills centers, and furlough placements as felony escapes. 1981 Mont. Laws, Ch. 72, § 1. Additionally, the

5

1981 Montana Legislature codified <u>Kyle</u> by including escapes from supervised release programs as felony escapes. 1981 Mont. Laws, Ch. 583, § 8.

Clearly, the Montana Legislature intended to close loopholes in § 45-7-306(3)(b)(i), MCA, by specifically listing further possible places of escape. The Montana Legislature, however, did not specifically address an escape by a prisoner during a transport from a court appearance. Because the statute fails to address this situation, Savaria's escape cannot be deemed a felony escape. Furthermore, to hold that Savaria's escape was an escape from a "county jail" would expand the meaning of a criminal statute which is forbidden by <u>Shipman</u>. Therefore, the District Court properly held that Savaria's escape did not occur from a "county jail" under § 45-7-306(3)(b)(i), MCA, and properly proceeded with the only statutory alternative of sentencing Savaria under misdemeanor escape, § 45-7-306(3)(c), MCA.

Affirmed.

_____
Chief Justice

We concur:

John Conway Harrison
_____

_____

William E. Hunt
_____

R. C. McDonough
_____
Justices

7