No. 96-433

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 66N


STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOSHUA WADDINGTON,
Defendant and Appellant.



APPEAL FROM:   District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Wendy Holton, Helena, Montana

For Respondent:

Joseph P. Mazurek, Attorney General, Jennifer Anders,
Assistant Attorney General, Helena, Montana; Christopher G.
Miller, Powell County Attorney, Deer Lodge, Montana



Submitted on Briefs: January 20, 1998

Decided: March 24, 1998
Filed:


_____
Clerk
Justice William E. Hunt, Sr., delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases by this Court.

¶2    Joshua Waddington (Appellant) appeals from the June 4, 1996 order entered by the Third Judicial District Court, Powell County, denying his motion to correct sentence.  We affirm.

¶3    On December 16, 1994, Appellant escaped from the Montana State Prison (MSP) while assigned to the logging yard located on the MSP complex 200 to 300 yards from the guard station.  The logging yard operation is part of the prison industries program administered by the Department of Corrections and supervised by officials from MSP.

¶4    On September 1, 1995, Appellant was apprehended in Oregon and returned to MSP.  Appellant was thereafter charged with and pled guilty to felony escape for which he was sentenced to four additional years of imprisonment.  On February 22, 1996, in response to this Court's decision in State v. Nelson (1996), 275 Mont. 86, 910 P.2d 247, Appellant filed in District Court a motion to correct sentence pursuant to § 46-18-117, MCA.  That motion was denied and Appellant filed a timely notice of appeal.

¶5    On appeal, Appellant argues that his sentence was erroneously based on felony escape and should be corrected to reflect misdemeanor escape.  As support for his position, Appellant relies on our decision in Nelson where we held that inmates who had escaped from the privately owned Deer Lodge Golf Course, and who had been supervised by civilians, were guilty of misdemeanor escape pursuant to § 45-7-306, MCA (1995).  We stated:
      At the time of the crime, they [the inmates] were not at any one
      of the institutions or facilities listed in the statute [§ 45-7-306(3)(b)(i)],
      nor were they "in transit" to or from one of those
      institutions or facilities.

The institutions or facilities mentioned in § 45-7-306(3)(b)(i), MCA (1995) include a state prison, county jail, city jail, halfway house, life skills center, community corrections facility or program, or supervised release program.

¶6    Nelson is distinguishable from the instant case.  The Nelson inmates escaped from a privately owned facility that was supervised by civilians, whereas Appellant escaped from a facility located on the MSP complex and supervised by MSP officials.  According to the express language of the statute,

Appellant was guilty of felony escape rather than misdemeanor escape.  We hold that the District Court did not err in sentencing Appellant in accordance to the felony escape statute.

¶7    Affirmed.

/S/  WILLIAM E. HUNT, SR.

We Concur:


/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/ JIM REGNIER
/S/  W. WILLIAM LEAPHART