No. 99-156

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 18

298 Mont. 135

995 P. 2d 963

STATE OF MONTANA,

DEPARTMENT OF CORRECTIONS,

Plaintiff and Appellant,

v.

BILLIE JOE PHELPS, a/k/a BILLIE JOE

NEWTON,

Defendant and Respondent.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

Honorable Marge Johnson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

David L. Ohler and Diana Leibinger-Koch, Special Assistant

Attorneys General, Helena, Montana

For Respondent:

Ronald L. Bissell, Public Defender's Office, Great Falls, Montana

Submitted on Briefs: December 29, 1999

Decided: January 27, 2000

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1. Billie Joe Phelps was sentenced in the Eighth Judicial District Court, Cascade County, for his fourth offense of driving under the influence of alcohol (DUI) and driving while his license was suspended or revoked. On appeal, the Department of Corrections argues that the District Court failed to comport with the applicable DUI sentencing law pursuant to § 61-8-731, MCA (1997). We remand Phelps's sentence to be modified according to our holding in this opinion.

¶2. We restate the issues as follows:

¶3. Does § 61-8-731, MCA (1997), permit the District Court to suspend any of Phelps's imprisonment term?

¶4. Does the District Court have statutory authority to award Phelps double credit for time served when he completes a treatment program?

¶5. Can the District Court order Phelps committed to a prerelease program or intensive supervision?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6.The District Court originally sentenced Phelps for his fourth DUI offense, but after it realized that Phelps committed this offense on the day § 61-8-731, MCA (1997), became effective the District Court re-sentenced him on December 22, 1998, pursuant to the new law. Consequently, the District Court imposed the following sentence:

The Defendant is sentenced to 13 months of incarceration with the Department of Corrections, with all time SUSPENDED, except time served, which the Court believes to be 227 days, plus Four Years of probation with the Department of Corrections. He must enter and complete an appropriate treatment program. The Court believes inpatient chemical dependency treatment is probably most appropriate. Upon successful completion of treatment and follow up aftercare and relapse prevention, the Court will give him DOUBLE CREDIT for time served in treatment. Once he completes treatment, the Defendant shall enter and complete either a Pre-Release Program or an ISP. The Defendant must report daily to his supervising officer and abide by a 6:00 p.m. to 7:30 a. m. curfew until he is accepted into treatment.

¶7.The Department of Corrections contends that this sentence does not comport with § 61-8-731, MCA (1997).

## STANDARD OF REVIEW

¶8.Although the State never raised the issue of whether Phelps's sentence comports with the new law, this Court may review any sentence imposed in a criminal case if it is alleged that the sentence is illegal or exceeds its statutory mandates. *See Petition of Hans*, 1998 MT 7, ¶ 36, 288 Mont. 168, ¶ 36, 958 P.2d 1175, ¶ 36. Our review is limited to questions of legality and whether the sentence is within the parameters provided by the statute. *See Hans*, ¶ 36. This is a question of law, which we review to determine if the District Court's interpretation is correct. *See State v. Long* (1995), 274 Mont. 228, 236, 907 P.2d 945, 950.

## ISSUE 1

¶9.Does § 61-8-731, MCA (1997), permit the District Court to suspend any of Phelps's imprisonment term?

¶10.Section 61-8-731, MCA (1997), provides:

(1) On the fourth or subsequent conviction under 61-8-714 or 61-8-722 for a violation of 61-8-401 or 61-8-406, the person is guilty of a felony and shall be punished by:

(a) imprisonment for a term of not less than 6 months or more than 13 months, *the imposition or execution of which may not be suspended*, and during which the person is not eligible for parole.

(Emphasis added.)

¶11.Where the language of a statute is clear and unambiguous, we interpret the statute by its plain meaning. *See Howell v. State* (1994), 263 Mont. 275, 284, 868 P.2d 569, 573. This statute unambiguously states that the District Court cannot suspend any time of imprisonment; therefore, the District Court must strike the language from Phelps's sentence regarding the time suspended.

¶12.The Department of Corrections suggests that Phelps should instead be sentenced to incarceration for 227 days, which he already has served. This would satisfy the 6-month to 13-month requirement of the statute and, in effect, produce the same result as suspending Phelps's sentence. However, a determination of this matter is not appropriate on this appeal.

## ISSUE 2

¶13.Does the District Court have statutory authority to award Phelps double credit for time served when he completes a treatment program?

¶14.Central to the parties' disagreement on this issue is whether Phelps's participation in a treatment program is part of his incarceration or part of probation. As the Department of Corrections points out, the District Court has no statutory authority to award additional credit for the time a defendant serves on probation. It discerns that the only statute which allows the court to give a defendant credit aside from the actual days a defendant serves is § 46-18-403, MCA, which provides that the court must give a defendant "against whom a judgment of imprisonment is rendered . . . credit for each day of incarceration prior to or after conviction." Although Phelps does not cite this or any other statute to justify his sentence, he argues that he should be awarded double credit because his participation in a treatment program is part of his incarceration.

¶15.Phelps argues that incarceration is defined by more than just a place and that we should consider the surrounding circumstances. On this basis, he informs us that he participated in an inpatient treatment program in which he was transferred pursuant to jail transfer policies from the Cascade County Detention Center to the Montana Chemical Dependency Center and then back to the detention center, where he was given double credit for the time he served and then released. He asserts that he was in effect on inmate status because had he left the Montana Chemical Dependency Center the proper authorities would have been notified and he would have faced an escape charge. His assertion is based on our holdings in *State v. Nelson* (1996), 275 Mont. 86, 910 P.2d 247, *State v. Savaria* (1990), 245 Mont. 224, 800 P.2d 696, and *State v. Whiteshield* (1980), 185 Mont. 208, 605 P.2d 189. In each of these cases, however, the defendants were inmates of the Montana State Prison who escaped while temporarily away from the prison, and their incarceration status was not at issue. In these cases, we considered instead whether the defendants should be convicted of felony escape or misdemeanor escape pursuant to § 45-7-306(3), MCA. None of the cases involved an escape from a chemical treatment program. Thus, they do not lend support to Phelps's assertion that his participation in a treatment program was on inmate status.

¶16.Given a plain reading of the language of Phelps's sentence, we conclude that Phelps's participation in a treatment program was a condition of his probation. Section 61-8-731, MCA (1997), does not grant the District Court authority to mandate that a defendant receive inpatient treatment unless it is a condition of probation.

¶17.Phelps does not cite any law that provides the District Court authority to award additional credit for the time he serves on probation. Without specific statutory authority, the District Court does not have power to award him double credit for the time he served in treatment. *See State v. Hatfield* (1993), 256 Mont. 340, 346, 846 P.2d 1025, 1029. Thus, the District Court must strike this language in Phelps's sentence.

ISSUE 3

¶18.Can the District Court order Phelps committed to a prerelease program or intensive supervision?

¶19.Here, the pertinent part of Phelps's sentence reads: "Once he completes treatment, the Defendant shall enter and complete either a Pre-Release Program or an ISP." The Department of Corrections argues that the District Court only has statutory authority to

commit Phelps to a prerelease program as the initial place of incarceration pursuant to § 61-8-731(2)(a)(v), MCA (1997). Phelps does not argue to the contrary.

¶20.The parties also agree that the District Court does not have authority to order Phelps to complete intensive supervision (ISP). The Department of Corrections argues that pursuant to § 61-8-731(4)(b), MCA (1997), only it has the power to order all or any portion of the term of probation to be served under intensive supervision.

¶21.Upon our review of the statute, we agree. The District Court cannot require Phelps to be committed to a prerelease program or intensive supervision; thus, it must strike the language noted above.

¶22.In summary, we order the District Court to strike the language in Phelps's sentence regarding its suspension of his incarceration time, its award of double credit for the time Phelps spends in treatment, and its order to commit Phelps to a prerelease program or intensive supervision. The District Court also must take away any double credit Phelps may already have been awarded.

¶23.We remand Phelps's sentence and order the District Court to make the necessary modifications.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART