NO. 95-545

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

JAMIE SCOTT CHANDLER,

      Defendant and Appellant

FILED

AUG 20 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          William F. Hooks, Appellate Defender, Helena,
Montana

      For Respondent:

          Honorable Joseph P. Mazurek, Attorney General;
Jennifer Anders, Assistant Attorney General,
Helena, Montana

          Robert M. McCarthy, County Attorney; Brad
Newman, Deputy County Attorney, Butte, Montana

Submitted on Briefs:  July 18, 1996

Decided: August 20, 1996

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Jamie Scott Chandler pled guilty before the Second Judicial District Court, Silver Bow County, to felony escape. He appeals an issue reserved, concerning the court's denial of his motion to dismiss on the ground that a prerelease inmate is not subject to "official detention" within the meaning of the escape statute, § 45-7-306, MCA. We affirm.

The issue is whether Chandler was lawfully convicted of felony escape pursuant to § 45-7-306, MCA, as interpreted in recent decisions of this Court, when having been placed in a prerelease center while serving a term of imprisonment for a felony conviction, he fled one morning instead of going to his place of employment.

In an affidavit in support of the State's application for leave to file an information, the prosecutor represented that Chandler was serving a term of imprisonment as a result of a felony conviction in Flathead County, Montana. He was assigned to the Butte Pre-Release Center and was employed by The Montana Standard, a local newspaper.

Chandler failed to return to the Pre-Release Center after work on October 14, 1994. When he did not return, Pre-Release Center staff contacted his employer and were told that Chandler had failed to report for work on that date.

Upon determining that Chandler had escaped, law enforcement authorities obtained a warrant for his arrest. He was arrested in

Spokane, Washington, in December 1994 and was extradited and returned to the Montana State Prison.

Chandler moved to dismiss the information on three grounds, including the ground that he was not subject to "official detention" as required by § 45-7-306, MCA, the statute defining the offense of escape. The State opposed the motion, and the District Court denied it without a hearing. Chandler subsequently entered a plea agreement with the State, reserving the right to appeal the denial of his motion to dismiss.

Was Chandler lawfully convicted of felony escape pursuant to § 45-7-306, MCA, as interpreted in recent decisions of this Court, when having been placed in a prerelease center while serving a term of imprisonment for a felony conviction, he fled one morning instead of going to his place of employment?

For Chandler's conduct to constitute an escape as proscribed by § 45-7-306, MCA, the State must establish that Chandler knowingly or purposely removed himself from or failed to return to "official detention." Official detention includes

> imprisonment which resulted from a conviction for an offense, confinement for an offense, confinement of a person charged with an offense, detention by a peace officer pursuant to arrest, detention for extradition or deportation, placement in a community corrections facility or program, supervision while under a supervised release program, participation in a county jail work program under 7-32-2225 through 7-32-2227, or any lawful detention for the purpose of the protection of the welfare of the person detained or for the protection of society. "Official detention" does not include supervision of probation or parole, constraint incidental to release on bail, or an unlawful arrest unless the person

3

arrested employed physical force, a threat of physical force, or a weapon to escape.

Section 45-7-306(1), MCA.

The District Court's denial of the motion to dismiss was a conclusion of law that the State could prosecute Chandler for escape because he was subject to official detention. This Court reviews conclusions of law to determine whether the district court's interpretation of the law was correct. State v. Christensen (1994), 265 Mont. 374, 375-76, 077 P.2d 468, 469.

In State v. Roberts (Mont. 1996), 912 P.2d 812, 53 St.Rep. 181, Roberts had been released from the Montana State Prison into the parole-related furlough program under § 46-23-215(3), MCA. The issue was whether Roberts was "subject to official detention" in a "supervised release program" as described in § 45-7-306(1), MCA. This Court concluded that the parole-related furlough program was not a "supervised release program," and that Roberts was not therefore "subject to official detention" and could not be prosecuted for escape. Roberts, 912 P.2d at 815.

In this case, too, the issue is whether the appellant was "subject to official detention" under § 45-7-306(1), MCA. However, here, the State argues that the Butte Pre-Release Center is a "community corrections facility or program," not a "supervised release program." Therefore, Roberts does not control.

The correctional policy of the State of Montana is to deal with nonviolent offenders in ways other than imprisonment. Section 46-18-101(3)(b), MCA. Section 46-18-105, MCA, authorizes the Department of Corrections to provide community corrections

4

facilities or programs for the rehabilitation of nonviolent felony offenders as authorized under the Montana Community Corrections Act, Title 53, Chapter 30, part 3, MCA. A "community corrections facility or program" is defined under the Act as

> a community-based or community-oriented facility or program, other than a jail, that:
> (a) is operated by a unit of local government, a tribal government, or a nongovernmental agency; and
> (b) provides programs and services to aid offenders in:
> (i) obtaining and holding regular employment;
> (ii) enrolling in and maintaining academic courses;
> (iii) participating invocational trainingprograms;
> (iv) utilizing the resources of the community to meet their personal and family needs;
> (v) obtaining the benefits of specialized treatment services that exist within the community; and
> (vi) paying restitution or performing community restitution to crime victims.

Section 53-30-303(2), MCA. While this definition does not specifically refer to prerelease centers, it is clear that they are considered community corrections facilities under the Act.

Section 53-1-202(2), MCA, identifies correctional services provided by the Department of Corrections. That statute provides that adult correctional services include, in relevant part:

> (c) appropriate community-based programs for the placement, supervision, and rehabilitation of adult felons who meet the criteria developed by the department for placement:
> (i) in <u>prerelease centers</u>;
> (ii) under intensive supervision;
> (iii) under parole or probation pursuant to Title 46, chapter 23, part 2; or
> (iv) in other appropriate programs.

Section 53-1-202(2)(c), MCA (emphasis added). Section 53-1-203(1)(c), MCA, allows the Department to contract with private, nonprofit Montana corporations to establish and maintain "community

5

based prerelease centers" for purposes of preparing prison inmates who are approaching parole eligibility or discharge for release into the community.

These statutes indicate that prerelease centers are part of the community corrections system which exists as an alternative to imprisonment. There are no other statutes or rules which define prerelease facilities or indicate how they might fit differently into our correctional system. We conclude that the Butte Pre-Release Center is a "community corrections facility or program" and that, therefore, placement at the Butte Pre-Release Center rendered Chandler "subject to official detention."

In State v. Nelson (Mont. 1996), 910 P.2d 247, 53 St.Rep. 50, three inmates of Montana State Prison escaped while on daily work assignments at the Deer Lodge, Montana, golf course. This Court held that they were improperly sentenced for felony escape. However, our decision in Nelson must, necessarily, be read in the context of its facts. The Montana State Prison inmates in that case were on work assignment outside the prison walls. They did not escape from the state prison itself, nor did they escape while in transit to or from that facility in which they were imprisoned. Accordingly, given those facts and the plain language of § 45-7-306, MCA, the only provision of that statute which would have qualified their escape as a felony, subsection (3)(b)(i), did not apply. Nelson, 910 P.2d at 253.

In the instant case, however, the facts are significantly different. Here, Chandler was assigned to a prerelease center as

6

part of a "community corrections facility or program." As we have already pointed out, "community corrections facility or program" is a statutorily-defined term of art encompassing more than merely a specific place of residence, incarceration or imprisonment. Section 53-30-303(2), MCA. Such a "facility or program" contemplates and, in fact, mandates that participants will be involved with employment, educational services, vocational training, resources, treatment and restitutional activities outside of the confines of the particular place where they are required to reside when not engaged in such services, programs or activities. Accordingly, where, as here, a person assigned to a "community corrections facility or program" purposely or knowingly and without authorization removes himself from or fails to return to either the prerelease facility where he is required to reside as part of that program or one of the rehabilitative programs or services specified in § 53-30-303(2), MCA, then his conduct falls within the plain language of § 45-7-306(3)(b)(i), MCA, and subjects him to punishment for felony escape if he is charged with and convicted of that offense.

We hold that the District Court was correct in concluding that Chandler was lawfully convicted of felony escape pursuant to § 45-7-306, MCA. In doing so, however, we also observe that strict application of the language of the statute--our duty under § 1-2-101, MCA--to specific fact situations produces results that are not easily reconciled from a common sense point of view. Are prison inmates on a golf course work assignment who unlawfully become

7

intoxicated and steal a vehicle and head for the nearest large city on the public highways (Nelson--guilty of misdemeanor escape) less dangerous or less culpable than a prerelease center resident who leaves for his job and never shows up (Chandler--felony escape)? While it is, obviously, the legislature's duty to define crimes and their punishments, we suggest that the offense of escape and its punishment bear some thoughtful reappraisal.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

August 20, 1996

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

William F. Hooks
Appellate Defender
P.O. Box
Helena, MT 59624

Jamie Scott Chandler
700 Conley Lake Rd.
Deer Lodge, MT 59722

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

Robert M. McCarthy, County Attorney
Brad Newman, Deputy
155 W. Granite Street
Butte, MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy