FILED
United States Court of Appeals
Tenth Circuit

January 9, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CORY MICHAEL DEMERS,

    Defendant - Appellant.

No. 17-1326
(D.C. No. 1:08-CR-00167-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK,** and **MORITZ**, Circuit Judges.[**]

Defendant Cory Michael Demers appeals the district court's denial of his motions to correct an illegal sentence. *See* 18 U.S.C. § 3742(a)(1). We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

I.

The underlying facts are not in dispute. Defendant stands convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. Civ. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

November 2008, the district court sentenced him to 30 months in prison and three years of supervised release. In June 2010, Defendant was released from federal custody and began serving a concurrent sentence with the Colorado Department of Corrections. Near the end of May 2012, the State of Colorado transferred Defendant to a community corrections center to complete his sentence. On April 9, 2013, the State released Defendant on parole supervision. On June 24, 2015, Defendant's federal probation officer filed a petition alleging violations of his federal supervised release. Following a revocation hearing on March 31, 2016, the district court found Defendant had committed six violations of his supervised release and sentenced him to 18 months in prison. Defendant subsequently filed two unsuccessful motions in the district court to correct an illegal sentence.

On appeal, Defendant does not challenge the district court's finding that he violated the terms of his federal supervised release. Rather, he claims, as he did in the district court, that his term of federal supervision began in May 2012 when the State of Colorado placed him in a community corrections center. If Defendant is correct (which he is not), his term of supervised release had expired before his probation officer filed the petition to revoke his supervision. Unfortunately for Defendant, the district court was correct in determining Defendant's term of federal supervised release did not commence to run until April 9, 2013, when he was released from the custody and control of the Colorado community corrections center. Thus, Defendant's three-year term of supervised release had not expired when his

2

probation officer filed the revocation petition.

## II.

We review a district court's decision to revoke supervision for an abuse of discretion. *United States v. Hammond*, 869 F.3d 1153, 1157 (10th Cir. 2017). A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact. *Id.* Supervision after release is addressed at 18 U.S.C. § 3624(e). Section 3624(e) provides in relevant part: "A term of supervised release does not run during any period in which a person is imprisoned in connection with a conviction for Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."

Defendant focuses on *where* he served out his state prison sentence, *i.e.*, a community corrections center. But under Colorado law, had defendant left the center without authorization, he would have been subject to prosecution for escape. "A defendant serving a sentence at a community corrections facility is in 'custody' for the purposes of the escape statute." *Colorado v. Lanzieri*, 25 P.3d 1170, 1172 n.2 (Colo. 2001) (citing Colo. Rev. Stat. § 17-27-106 (2000)). Defendant was not, nor could he have been, subject to federal supervision while in the custody of, or in other words imprisoned by, the State of Colorado. Pursuant to Colorado law, he was not released from state custody until April 9, 2013, the day the State released him on parole supervision.

Defendant's reliance on the Ninth Circuit's decision in *United States v. Sullivan*, 504 F.3d 969 (9th Cir. 2007), is misplaced. In that case, the court held a defendant's federal supervised release began when he was transferred from a Montana state prison to a pre-release center. Importantly, however, the court's conclusion was based upon its finding that "Montana's 'pre-release centers are part of a community corrections system which exists *as an alternative to imprisonment*.'" *Id.* at 972 (emphasis in original) (quoting *State v. Chandler*, 922 P.2d 1164, 1166 (Mont. 1996)). But Colorado law differs from Montana law. Under the former, Defendant's placement in the community corrections center did not constitute an "alternative to imprisonment" and thus his three-year term of federal supervision did not commence until his release from the center on April 9, 2013.

AFFIRMED. Defendant's motion for release from custody pending appeal is DENIED as moot.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge

4