**People of the State of Illinois, Plaintiff-Appellee, v. Bernard A. Berg, Defendant-Appellant.**

**Gen. No. 51,998.**

First District, First Division.

January 15, 1968.

William Levinson and David Levinson, Jr., of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Robert A. Novelle, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The defendant, Bernard Berg, was charged with a violation of chapter 38, section 16–1(c)(1), Ill Rev Stats, in that he knowingly obtained control over property of another which he knew to have been stolen by another, with intent to deprive the owner of the use and benefit of said property. The defendant waived a jury trial. He pleaded not guilty, and after a trial was found guilty as charged. Berg was fined $100 and admitted to probation for a period of one year. He appeals from the judgment of conviction entered upon said finding of guilty. No questions are raised on the pleadings.

The defendant asks us to reverse his conviction on the ground that he was not proven guilty beyond a reasonable doubt in that the state failed to prove guilty knowledge, an essential element of the offense with which he was charged.

The record reveals that one Benson Hilt, a shoplifter, stole eighteen books on the morning of June 20, 1966, from Kroch's & Brentano's Book Store. The books had a retail value of $88.35. Hilt was apprehended by Robert Gay, a security guard, who was employed by Kroch's. After he had apprehended Hilt, Gay called the Chicago Police Department. Detective Earl Batch responded to Gay's call. After he had arrived at Kroch's he had a conversation with Hilt. Batch then proceeded to the University Book

Exchange where the defendant Berg was employed as the manager.

Batch positioned himself approximately ten or fifteen feet from the cash register and observed that the defendant was going about his normal duties in the store. For about five minutes Batch looked through the books located on a shelf adjacent to where he had stationed himself. At that time Hilt entered the store carrying the stolen books in a shopping bag. Hilt approached the defendant, who was behind the counter at the cash register, and placed the shopping bag on the counter. The defendant took the books from the shopping bag, looked at them for approximately twenty or thirty seconds and told Hilt, "I'll give you $16.75 for these books." There was no further conversation between Hilt and the defendant. After Berg had given the money to Hilt, Officer Batch stepped forward, informed the defendant he was a police officer, and arrested Berg. Officer Batch then inquired of the defendant if he could search the premises. The defendant did not object and assisted the officer in carrying out the search.

The University Book Exchange was located around the corner from Roosevelt University. At the time of the defendant's arrest the store was in the business of buying and selling new and used books. Berg, as the manager of the store, would frequently purchase new books secondhand. He testified that he had been purchasing said books for a period of about ten years. He further testified that he was thoroughly familiar with the reasonable value of secondhand books in Chicago; and that the price he paid for the books he purchased from Hilt was a fair and reasonable one. Berg followed his customary business procedure for the purchase of the secondhand books in his transaction with Hilt. He appraised the books, made an offer to Hilt, and paid out the price in cash. He then initialed the cash register receipt himself and had Hilt sign his name and address on the back of the receipt in

view of Detective Batch. At the time of his arrest Berg was thirty-one years old and had never been arrested before.

The defendant further testified that when he received the books they were in their original dust jackets, but that he didn't notice either the price tags or any Kroch's & Brentano's identification. He made no attempt to remove the labels from the books. Berg testified that he had no reason to suspect that the books had been stolen. On cross-examination he said he had seen Hilt before, but that he didn't know him. He explained that he had purchased books in similar condition to those he purchased from Hilt on other occasions, and that the seller could be a student, an instructor, or a student acting as an agent for a teacher. He testified that there were many reasons why a person might sell books to him in their original dust jackets: perhaps a teacher had received a "desk copy" he didn't want; a student might buy a book and then decide not to take the course; or a student might receive a book as a gift and decide not to keep it. Berg testified that he thought Hilt looked like a student.

John E. Schudy, a general manager and vice president of Economy Book Stores, Inc., testified that defendant's reputation was the "best," and that he still had faith in the defendant's honesty and integrity. Schudy testified that he was familiar with the fair value of secondhand and new books and that a fair price for the books purchased by the defendant was "in the vicinity of twenty percent or twenty-two percent of the list price." He stated that the price asked by Berg was "close" to his estimate of a fair price. He further testified that it was customary business procedure to purchase books with the price tags and labels still on them.

■ Our duty in reviewing the record of judgment of conviction in a criminal case entails reviewing all of the evidence adduced at trial, and if that evidence is not suf-

169

ficient to remove all reasonable doubt as to the defendant's guilt and create an abiding conviction that he is guilty then it is our duty to reverse. People v. Rossililli, 24 Ill2d 341, 181 NE2d 114.

"Before there can be a conviction for receiving stolen property the evidence must show beyond a reasonable doubt, first, that the property has, in fact, been stolen by a person other than the one charged with receiving the property; second, that the one charged with receiving it has actually received it or aided in concealing it; third, that the person so receiving the stolen property knew that it was stolen at the time of receiving it; and fourth, that he received the property for his own gain or to prevent the owner from again possessing it." People v. Rife, 382 Ill 588, 48 NE2d 367. (Citations omitted.) The defendant contends that the State has not proved the third requirement beyond a reasonable doubt. It is true, as the State points out, that guilty knowledge can be proved by circumstantial evidence, People v. Holtzman, 1 Ill2d 562, 116 NE2d 338; and that guilty knowledge may be established by proof of circumstances which would induce belief in a reasonable man that the property offered for sale had previously been stolen. People v. Stewart, 20 Ill2d 387, 392, 169 NE2d 796. However, it is likewise true, as pointed out by the defendant, that where only circumstantial evidence is relied on to prove guilty knowledge, the circumstances must point clearly and conclusively to the fact that the defendant knew the goods were stolen and must exclude every reasonable hypothesis other than that of guilt. People v. Rubin, 361 Ill 311, 328, 197 NE 862.

We have concluded that while there are many facts and circumstances, in the record before us, tending to create the suspicion that the defendant is guilty, there are also many circumstances which tend to establish his innocence. We do not think that the guilt of the defend-

170

ant has been sufficiently proved to the degree required by law.

■ The record reveals that the defendant was not informed by Kroch's & Brentano's that the books which he purchased had been previously stolen, a condition that had been agreed to at a previous meeting of certain bookstores. There was no evidence of any previous dealings between the defendant and Hilt; indeed, Hilt didn't even testify at the trial. The defendant had no arrest record and his good reputation was testified to by his superior. It is true that the defendant purchased the books in their original dust jackets from thief shortly after the theft took place. However, these facts are not conclusive of guilt, especially when the defendant presents a plausible explanation for his actions. Cherry v. United States, 78 F2d 334 (7th Cir, 1935). Berg's explanation that he thought Hilt was a student and that he frequently bought books from students in the same manner is borne out by the record.

The sale was rung up in the usual way on the cash register, and Hilt signed his name and address on the back of the receipt. The defendant allowed the original identification of Kroch's & Brentano's to remain on the price tags. See People v. Rubin, 361 Ill 311, 329, 197 NE 862. The transaction took place in a regular business establishment during the daytime and in open view. See Cherry v. United States, 78 F2d 334 (7th Cir, 1935). The defendant on behalf of his employer had legitimately purchased new books similar in appearance to those brought in by Hilt for several years. The testimony by both the defendant and his superior that the price paid to Hilt was a fair one was uncontradicted. The defendant willingly permitted the officer to search the store. See People v. McBeth, 405 Ill 608, 92 NE2d 77.

■ When all of the foregoing circumstances are considered together we cannot say that we have an abiding conviction of the defendant's guilt.

171

For the reasons stated in this opinion, the judgment of the Municipal Division of the Circuit Court is reversed.

Reversed.

MURPHY and ADESKO, JJ., concur.