No. 84-17

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MATTHEW PAUL HERNANDEZ,

Defendant and Appellant.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Sandra K. Watts argued, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Clay Smith argued, Asst. Atty. General, Helena
J. Fred Bourdeau, County Attorney, Great Falls,
Montana; Antonia Marra argued, Deputy County Atty.

_____

Submitted: June 8, 1984

Decided: November 1, 1984

Filed: NOV - 1 1984

*Ethel M. Harrison*

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant Matthew Hernandez appeals his conviction for felony theft (receiving stolen property) following a jury trial in Cascade County District Court. He also appeals the order compelling restitution for charges that had been dismissed. We reverse the conviction and the charges are dismissed.

Defendant pleaded guilty to burglary and theft of coins from a Great Falls residence. Based on a plea agreement, other charges against him were dismissed and restitution was not a factor in the dismissal of the charges. While on probation, defendant sold some of the coins he had previously stolen, and for which he had been convicted of theft. The prosecutor again charged defendant with theft under the same theft statute. This time, however, the charge was under subsection (b) of section 45-6-301(3), MCA--receiving stolen property. Along with the felony charge of receiving stolen property, defendant was also charged with two unrelated counts of felony burglary and misdemeanor theft.

Defendant unsuccessfully moved to have the receiving stolen property charge dismissed on the ground of double jeopardy and on the statutory ground that it failed to state an essential element of the offense--that the property was stolen by someone else. Defendant also moved to sever the trial so that the receiving stolen property charge would be tried separately from the unrelated charges of felony burglary and misdemeanor theft. The jury acquitted defendant of the felony burglary and misdemeanor theft charges but

convicted defendant of receiving the same coins he had already pleaded guilty to stealing.

In sentencing defendant for receiving stolen property, the trial court also imposed restitution for several charges that had been dismissed when defendant initially pleaded guilty to stealing the coins. The restitution sum was set at $5,029.95.

Defendant contends that the receiving stolen property conviction cannot stand because it violates the double jeopardy provisions of our United States and Montana Constitutions, and because the State actually did not charge an offense within the contemplation of section 45-6-301(3), MCA. Defendant further contends that it was reversible error for the trial court to order the charges to be tried together. Finally, defendant contends the restitution order for the dismissed charges is improper. We reverse the conviction on the double jeopardy ground as well as statutory grounds and therefore the improper joinder and restitution issues need not be discussed.

The conviction for theft of coins and the later conviction for possessing those same coins, clearly arose from the same transaction. The second conviction violates our constitutional protection against double jeopardy, Art. II, § 25, 1972 Mont. Const. The two convictions stemmed from the same initial taking of the silver dollars in July 1981. Defendant pleaded guilty in January 1983, to stealing the silver dollars, and the constitutional prohibition against double jeopardy was violated when he was convicted in July 1983 of theft, the charge being couched in terms of receiving stolen property.

Contrary to the State's arguments, State v. LaMere (Mont. 1983), 658 P.2d 396, 40 St.Rep. 110 does not permit a charge such as the one here. The issue in LaMere was whether one who had received stolen property could give uncorroborated testimony against one who was charged with stealing that property. We held it permissible because theft of goods by one defendant and receipt of those stolen goods from another defendant are separate crimes. For purposes of the double jeopardy provision of our own constitution, the offenses as charged here were clearly for the same offense.

Reversal is also required because the charge against defendant failed to state an offense. Section 45-6-301(3), MCA, provides:

> "(3) A person commits the offense of theft when he purposely or knowingly obtains control over stolen property knowing the property to have been stolen by another and:
>
> ". . .
>
> "(b) purposely or knowingly uses, conceals, or abandons the property in such manner as to deprive the owner of the property;"

This statute, adopted from Illinois, requires proof that the property must have been stolen by someone other than the receiver. Here the charge essentially was that defendant received stolen property from himself. Defendant was charged with ". . . purposely or knowingly obtaining control over stolen property,. . . knowing the property to have been stolen by Matt Hernandez,. . . [the defendant here]." In People v. Berg (1968), 91 Ill.App.2d 166, 234 N.E.2d 400, the Illinois court set forth the elements to prove receipt of stolen property, one of them being a requirement that the property was stolen by a person other than the one charged with receiving the property. Applied here, the defendant

- 4 -

could not be convicted of stealing the coins, and later be convicted of receiving those coins from himself.

The judgment of conviction is reversed and the charges ordered dismissed.

_Daniel J. Shea_
Justice

We Concur:

_Frank I. Haswell_
Chief Justice

_John Conway Harrison_

_Gene B. Daly_

_John C. Sheehy_

_Fred J. Weber_

Justices

Mr. Justice L. C. Gulbrandson dissents and will file a written dissent later.

- 5 -