No. 86-301

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

BENJAMIN EUGENE COLE, a/k/a GENO COLE,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

O'Brien & Conrad; Barbara J. Conrad, Missoula,
Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Joe R. Roberts, Asst. Atty. General, Helena
Robert L. Deschamps, III, County Attorney, Missoula,
Montana

---

Submitted on Briefs: Jan. 15, 1987

Decided: April 16, 1987

Filed: APR 16 1987

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Defendant, Benjamin Eugene Cole, a/k/a "Geno" Cole, appeals from a conviction of receiving stolen property from the Fourth Judicial District, Missoula County, Missoula, Montana. From this conviction, Cole appeals.

We reverse and remand with instructions.

The only issue raised by defendant on appeal which needs to be discussed is: Whether there is sufficient evidence to conclude beyond a reasonable doubt that the defendant was guilty of receiving stolen property as charged under § 45-6-301(3), MCA, and if lacking such evidence, can defendant be retried under the general theft statute, § 45-6-301(1), MCA?

In a jury trial, the defendant was found guilty of felony theft as charged under § 45-6-301(3), MCA. He was sentenced to ten years in the Montana State Prison with five suspended. He was required to pay restitution and costs.

The jury found that defendant and three co-participants stole five engines from a Missoula construction company's warehouse in March of 1985. The four young men tried to sell the engines to the proprietor of a secondhand store, were unsuccessful, and abandoned the engines along a rural road.

The proprietor testified as to the attempt to sell the engines to his business and his consequent suspicions as to the legality of their possession of the engines.

An off-duty police officer happened to be in the secondhand store at the time of the attempted sale. He testified as to the defendant's identity and his observations at the store. Two other police officers testified as to the

defendant's identity and their participation in the investigations. The owner of the engines testified as to the break in, theft, and value and use of the engines in question.

The three co-participants in the theft testified against defendant Cole, implicating him in the theft, attempted sale and abandonment of the engines.

The defendant was charged, prosecuted and found guilty under § 45-6-301(3), MCA which states:

> A person commits the offense of theft when he purposely or knowingly obtains control over stolen property knowing the property to have been stolen by another. (Emphasis added.)

The decisive case on this issue is State v. Hernandez (Mont. 1984), 689 P.2d 1261, 41 St.Rep. 2063. In Hernandez, the defendant previously plead guilty to burglary and theft of coins under subsection (1) of § 45-6-301. After being sentenced to probation he attempted to sell some of the coins which he had previously stolen. The State charged him a second time for theft of the coins under subsection three of § 45-6-301. Defendant's conviction was reversed on the grounds of double jeopardy and statutory grounds. We stated:

> This statute, adopted from Illinois, requires proof that the property must have been stolen by someone other than the receiver. Here the charge essentially was that defendant received the stolen property from himself.

689 P.2d at 1262-1263. Due to the fact that the Montana Criminal Code is modeled after the Illinois Criminal Code, this Court agreed with the Illinois court's requirement that the property must be shown to be stolen by a person other than the one charged with receiving the property.

The State successfully proved all the elements of theft required in § 45-6-301(1), MCA. Unfortunately for the State,

Cole was not charged under this statute. For the reasons cited above we hold that the State failed to prove, beyond a reasonable doubt, all the elements of the theft charged under § 45-6-301(3). Defendant Cole is acquitted and the charges are dismissed.

In its argument, the State concedes to prosecutorial error on the charging document. On appeal the State requests permission to retry defendant Cole, contending that there will be no double jeopardy bar to the new trial if Cole is charged with theft under § 45-6-301(1). To avoid wasted energy and expense to the parties, we have considered the double jeopardy issue and hold that double jeopardy would attach upon any attempt by the State to retry defendant Cole for the offense at issue.

The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." This clause is enforceable in Montana through the Fourteenth Amendment. Benton v. Maryland (1969), 395 U.S. 784, 795, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 716. The Montana Constitution, Art. II, § 25 provides for a similar protection against double jeopardy. The constitutional prohibition of double jeopardy has been held to consist of separate guarantees including protection against a second prosecution for the same offense after acquittal. North Carolina v. Pearce (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665. Jeopardy attached in Cole's theft trial at the time of the empaneling and swearing of the jury. Crist v. Bretz (1978), 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24, 33.

In the present case, double jeopardy is predicated on whether the offense of theft defined under § 45-6-301(1),

MCA, is the "same offense" as the theft which defendant was charged and convicted under; § 45-6-301(3), MCA.

Section 46-11-502, MCA, provides that

When the same transaction may establish the commission of more than one offense, a person charged with such conduct may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

1) one offense is included in the other; . . .
4) the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct . . .

All of the elements of subsection (1) of § 45-6-301 are included in subsection (3). Further, subsection (1) is defined to prohibit the general conduct of theft and subsection (3) is to prohibit a specific instance of receiving stolen property.

In People v. Beauchemin (1979), 71 Ill.App.3d 102, 107, 389 N.E.2d 580, 584, the Illinois Supreme Court stated that their comparable subsection (1) theft statute is a lesser included offense of their comparable subsection (3) theft statute but the reverse is not the case. If it is determined that one offense is a lesser included offense of another, then they are deemed to be the "same offense." Brown v. Ohio (1977), 432 U.S. 161, 168-169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187, 196. Cole cannot be retried for committing the same offense as that which he is acquitted of.

The State cites State v. Lamere (1983), 202 Mont. 313, 658 P.2d 376 as determinative in this case. In Lamere, this Court did state that subsections (3) and (1) of § 45-6-301 are "statutorily distinct crimes." 658 P.2d at 379. However, in a more recent decision this Court clarified the Lamere language and stated:

The issue in LaMere was whether one who had received stolen property could give uncorroborated testimony against one who was charged with stealing that property. We held it permissible because theft of goods by one defendant and receipt of those stolen goods from another defendant are separate crimes. For purposes of the double jeopardy provision of our own constitution, the offenses as charged here were clearly for the same offense. (Emphasis added.)

State v. Hernandez, 689 P.2d 1261, 1262, 41 St.Rep. 2063, 2065.

As we held in State v. Hall (Mont. 1986), 728 P.2d 1339, 1341, 43 St.Rep. 2120, 2124, "double jeopardy in a second trial exists if the acts identified in the second information were admissible as evidence in the first trial and would have sustained a conviction under the first information."

If so charged, the defendant could have been convicted of theft under subsection (1) of § 45-6-301. However, due to prosecutorial error the defendant was found guilty of violating subsection (3). The evidence was insufficient to support such a conviction. A retrial would violate the double jeopardy clauses of the U. S. and Montana Constitutions.

Reversed and remanded to the District Court to dismiss the charges against the defendant.

_____
Justice

We Concur:


_____
Chief Justice

- 6 -

_John Conway Harrison_

_Karl B. Marion_

_Fred J. Tobes_
_____
Justices

Mr. Justice L. C. Gulbrandson, concurring and dissenting.

I concur that the conviction of the defendant for possession of stolen property should be set aside, but I do not agree that the defendant cannot be tried under the general theft statute, § 45-6-301(1), MCA.

The majority opinion states that the decisive case on this issue is State v. Hernandez (Mont. 1984), 689 P.2d 1261, 41 St.Rep. 2063. I disagree. There the defendant pleaded guilty and was sentenced for theft , § 45-6-301. He was then charged and convicted a <u>second</u> time for theft, § 45-6-301(3), receiving stolen property, the same property he had already pleaded guilty to stealing, and this Court reversed the second conviction. Here, the conviction for theft, receiving stolen property, is to be set aside and the only remaining issue is whether he can be charged and tried for theft. It appears in this case that the witnesses called by the State proved to the satisfaction of the jury that the defendant not only exercised control of known stolen property but in fact carried the property from the premises of the owner. State v. Lamere (1983), 202 Mont. 313, 658 P.2d 376, in my opinion, is still authority for the proposition that subsections (1) and (3) of § 45-6-301, MCA, define "statutorily distinct crimes."

In addition, the majority opinion has quoted from State v. Hall (Mont. 1986), 728 P.2d 1339, 43 St.Rep. 2120, "double jeopardy in a second trial exists if the acts identified in the second information were admissible as evidence in the first trial <u>and would have sustained a conviction under the first information.</u>" (Emphasis added.) The majority opinion and this opinion both now hold that the acts proposed to be charged against the defendant would <u>not</u> sustain a conviction

under the first information, that of receiving stolen property.

I would not hold that a retrial would violate the double jeopardy clauses of the United States and Montana Constitutions. See Lowery v. Estelle (1983), 696 F.2d 333; Illinois v. Vitale (1980), 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228; and Garrett v. United States (1985), ____ U.S. ____, 105 S.Ct. 2407, 85 L.Ed.2d 764.

_____
Justice

Mr. Chief Justice J. A. Turnage:

I concur with Mr. Justice Gulbrandson.

_____
Chief Justice