MR. JUSTICE GULBRANDSON,
concurring and dissenting:
I concur that the conviction of the defendant for possession of stolen property should be set aside, but I do not agree that the defendant cannot be tried under the general theft statute, Section 45-6-301(1), MCA.
The majority opinion states that the decisive case on this issue is State v. Hernandez (Mont. 1984), [213 Mont. 221,] 689 P.2d 1261, 41 St.Rep. 2063. I disagree. There the defendant pleaded guilty and was sentenced for theft, Section 45-6-301. He was then charged and convicted a second time for theft, Section 45-6-301(3), receiving stolen property, the same property he had already pleaded guilty to stealing, and this Court reversed the second conviction. Here the conviction for theft, receiving stolen property, is to be set aside and the only remaining issue is whether he can be charged and tried for theft. It appears in this case that the witnesses called by the State *382 proved to the satisfaction of the jury that the defendant not only exercised control of known stolen property but in fact carried the property from the premises of the owner. State v. Lamere (1983), 202 Mont. 313, 658 P.2d 376, in my opinion, is still authority for the proposition that Subsections (1) and (3) of Section 45-6-301, MCA, define “statutorily distinct crimes.”
In addition, the majority opinion has quoted from State v. Hall (Mont. 1986), [224 Mont. 187,] 728 P.2d 1339, 43 St.Rep. 2120, “double jeopardy in a second trial exists if the acts identified in the second information were admissible as evidence in the first trial and would have sustained a conviction under the first information.” (Emphasis added.) The majority opinion and this opinion both now hold that the acts proposed to be charged against the defendant would not sustain a conviction under the first information, that of receiving stolen property.
I would not hold that a retrial would violate the double jeopardy clauses of the United States and Montana Constitutions. See Lowery v. Estelle (1983), 696 F.2d 333; Illinois v. Vitale (1980), 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228; and Garrett v. United States (1985), 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764.
MR. CHIEF JUSTICE TURNAGE concurs in the foregoing opinion of MR. JUSTICE GULBRANDSON.