No. 96-168

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

     Plaintiff and Respondent,

v.

RAYMOND VARGAS,

     Defendant and Appellant.

**FILED**

NOV 22 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Derik Pomeroy, Attorney at Law, Bozeman,
          Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
          Cregg Coughlin, Ass't Attorney General,
          Helena, Montana

          Catherine L. Truman, Deputy Gallatin County
          Attorney, Bozeman, Montana

Submitted on Briefs: September 12, 1996

Decided: November 22, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Raymond Vargas (Vargas) appeals from the judgment and sentence of the Eighteenth Judicial District Court, Gallatin County, finding him guilty of issuing a bad check, common scheme, a felony, and imposing a three-year deferred sentence. We reverse and remand for rehearing.

We restate the issue as follows:

Does the guarantee against double jeopardy prohibit the State from basing a felony bad check (common scheme) charge, in part, upon check(s) which were the subject of a prior conviction for misdemeanor bad checks?

## BACKGROUND

On July 19, 1994, the State of Montana (State) charged Vargas with a single count of misdemeanor issuing a bad check in violation of § 45-6-316(1), MCA. Vargas was charged with the single count misdemeanor despite the fact that the complaint alleged that he had, during a three-week period, written ten individual checks totalling $264.23. Vargas pled guilty to the misdemeanor charge and was given a six-month suspended jail sentence.

When the State charged Vargas with the misdemeanor offense, the County Attorney was only aware of ten bad checks that Vargas had issued. Several months later, the county attorney was notified that Vargas had, during the same three-week period, written an additional 18 checks totalling $511.91. In light of this newly acquired information, the State charged Vargas with the more serious felony offense of issuing bad checks, common scheme, a violation of § 45-6-316(3), MCA. In the second information filed

2

against Vargas, the State alleged that Vargas issued all 28 checks as part of a common scheme. Vargas moved to dismiss this information, arguing that, under the double jeopardy provision of both the state and federal constitutions, his prior misdemeanor conviction, which was based on one of the 28 checks, prevented additional punishment for the same conduct for which he had been convicted. The District Court denied Vargas' motion to dismiss. Vargas eventually changed his plea to guilty but reserved his right to challenge his conviction on double jeopardy grounds.

## DISCUSSION

Does the guarantee against double jeopardy prohibit the State from basing a felony bad check (common scheme) charge, in part, upon check(s) which were the subject of a prior conviction for misdemeanor bad checks?

The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

Section 46-11-503, MCA, bars a second prosecution based on the same transaction in certain situations. Section 46-11-503, MCA provides in relevant part:

(1) When two or more offenses are known to the prosecutor, are supported by probable cause, and are consummated prior to the original charge and jurisdiction and venue of the offenses lie in a single court, a prosecution is barred if:

. . . .

(b) the former prosecution resulted in a conviction that has not been set aside, reversed, or vacated[.]

Vargas does not contend that the State actually knew of the other

3

18 checks when it prosecuted him for the misdemeanor violation. Thus, Vargas specifically eschews any reliance on the "when two or more offenses are known" language of § 46-11-503, MCA, and bases his argument entirely on the constitutional prohibitions against placing a person twice in jeopardy.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]" This clause has been made applicable to the states through the Fourteenth Amendment. Benton v. Maryland (1969), 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707; State v. Cole (1987), 226 Mont. 377, 744 P.2d 526. Similarly, Article II, Section 25 of the Montana Constitution provides in part: "No person shall be again put in jeopardy for the same offense previously tried in any jurisdiction."

Both the Fifth Amendment to the United States Constitution and Article II, Section 25 of the Montana Constitution provide for three separate protections: (1) protection from a second prosecution for the same offense after acquittal; (2) protection from a second prosecution for the same offense after conviction; and (3) protection from multiple punishments for the same offense. United States v. Halper (1989), 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487, 496; See State v. Nelson (1996), 275 Mont. 86, 90, 910 P.2d 247, 250. In the instant case, Vargas maintains that the State violated his right to be free from a second prosecution for the same offense when it charged him with felony

4

common scheme based in part on a check which formed the basis for a prior misdemeanor conviction.

The bar to re-trial after acquittal or conviction ensures that the State does not make repeated attempts to convict an individual thereby exposing him or her to continued embarrassment, anxiety, expense, and increased risk of wrongful conviction or impermissible enhancement of sentence. Ohio v. Johnson (1984), 467 U.S. 493, 498-99, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425, 433 (citing United States v. Wilson (1975), 420 U.S. 332, 343). As a general rule, the double jeopardy clause prohibits the State or the Federal Government from trying a defendant for a greater offense after it has convicted him or her of a lesser included offense. Brown v. Ohio (1977), 432 U.S. 161, 168, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187, 195-96.

In Brown, the defendant was convicted under a "joyriding" statute which consisted of taking or operating a vehicle without the owner's consent. The same criminal activity which led to Brown's conviction for "joyriding" was also the basis of a later conviction for auto theft. Brown, 432 U.S. at 168. The United States Supreme Court held that "joyriding" was a lesser included offense of auto theft and that the conviction of Brown for auto theft was a violation of his right to be free from double jeopardy. Brown, 432 U.S. at 168-69. Similarly, Vargas maintains that his prosecution for misdemeanor issuing a bad check in violation of § 45-6-316(1), MCA, bars subsequent prosecution for felony common scheme issuing of a bad check, § 45-6-316(3), MCA, because the

5

misdemeanor is a lesser offense included within the common scheme.

Specifically, Vargas argues that the charge of issuing bad checks, common scheme, groups all of the individual bad checks written by a defendant into one criminal act. Vargas argues that because his previous prosecution for misdemeanor issuing a bad check is a lesser included offense of the felony charge, prosecution of the felony charge constitutes a violation of double jeopardy. Although his argument is consistent with the general rule set forth in Brown, Vargas does not take into account a significant exception to the rule established by the United States Supreme Court in Jeffers v. United States (1977), 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168.

In Jeffers, the United States Supreme Court recognized that the general rule barring subsequent prosecution set forth in Brown has two commonly recognized exceptions. First, the Court acknowledged that a subsequent prosecution for a greater crime would be allowed when all the elements necessary to the greater crime had not taken place at the time prosecution for the lesser had begun. Jeffers, 432 U.S. at 151. Second, the Court extended this exception to a situation where the facts necessary to show the greater crime had not been discovered by the State before the first trial, despite the exercise of due diligence. Jeffers, 432 U.S. at 152. We find the rationale behind the exceptions expressed by the United States Supreme Court in Jeffers persuasive and applicable to the instant case.

The second exception set forth in Jeffers allows the State to

6

prosecute a defendant for a greater offense where the facts necessary to show the greater crime had not been discovered by the State before the first trial. However, this exception is only applicable if the State has exercised due diligence. Jeffers, 432 U.S. at 152. Although we have not had occasion to address the question of who has the burden of proving due diligence, or lack thereof, we find the reasoning expressed in United States v. Stricklin (5th Cir. 1979), 591 F.2d 1112, 1117-18, to be persuasive.

As the court in Stricklin explained, although it is undisputed that the burden of going forward by putting a double jeopardy claim in issue is on the defendant, the State is clearly in a better position to show what it knew at the time it charged the defendant with the lesser offense. Stricklin, 591 F.2d at 1117-18. In light of the State's greater knowledge, once the defendant has made a prima facie nonfrivolous showing of double jeopardy, the Stricklin rationale assigns the burden of persuasion in a pretrial double jeopardy hearing to the State. Stricklin, 591 F.2d at 1124. Accordingly, once the defendant makes out a prima facie case, it is the State's responsibility to rebut the presumption of a double jeopardy violation. United States v. Reed (11th Cir. 1993), 980 F.2d 1568, 1579 (citing Stricklin, 591 F.2d at 1124). Under the procedure set forth in Stricklin, the State must, when addressing the second Jeffers exception, demonstrate, by a preponderance of the evidence, that it exercised due diligence in discovering all relevant facts before the first trial, or, as in this case, before

7

entry of the guilty plea.

In the present case, Vargas made out a prima facie case of double jeopardy by establishing that he was convicted of a misdemeanor on the basis of a check which was one of the 28 checks forming the basis for the subsequent greater charge of bad check, common scheme. Thus, the burden of persuasion to show there was no former jeopardy fell upon the State.

Vargas does not contend on appeal that the State was aware of the additional 18 checks when it prosecuted him for the misdemeanor charge. The question, however, is not limited to whether the State was, in fact, aware of the additional 18 checks. The inquiry must focus on whether the State, with the exercise of due diligence, should have known of the other 18 checks. See United States v. Boldin (11th Cir. 1985), 772 F.2d 719, 732-33. We hold that resolution of the question of whether Vargas' prior conviction for misdemeanor bad check will preclude a subsequent prosecution for bad check, common scheme, will depend upon whether the State had, as of the date of Vargas' guilty plea, exercised due diligence in discovering the other 18 checks. Boldin, 772 F.2d at 732-33. We realize that the District Court, the State, and the defendant were unaware during the proceedings below that, once the defendant has made out a nonfrivolous showing of double jeopardy, the burden of persuasion to show there was no former jeopardy is on the State. Therefore, it is necessary to remand this case to the District Court to determine whether, despite the exercise of due diligence, the State was unaware of the other 18 checks.

8

Accordingly, we reverse the conviction and remand to the District Court for further proceedings on the question of whether the State exercised due diligence.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

9

November 22, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

D.E. Pomeroy
Attorney at Law
1705 West College, Suite A
Bozeman MT 59715

Hon. Joseph P. Mazurek, Attorney General
Cregg Caughlin, Assistant Attorney General
215 N. Sanders
Helena MT 59620

Catherine L. Truman
Deputy Gallatin County Attorney
615 South 16th Avenue
Bozeman MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _D. Gallagher_
Deputy