No. 96-419

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BILLIE L. PENDERGRASS,

Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Billie Leon Pendergrass, Pro Se, Prineville,
Oregon

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,
Jennifer Anders, Ass't Attorney General, Helena,
Montana

Submitted on Briefs: December 12, 1996

Decided: February 4, 1997
Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Billie Leon Pendergrass (Pendergrass) appeals from the judgment and sentence entered by the Third Judicial District Court, Powell County, on his conviction of the offense of misdemeanor escape. We affirm.

The dispositive issue on appeal is whether the District Court erred in concluding that Pendergrassþ escape sentence did not merge with the other sentences he was serving.

The following facts are undisputed. Pendergrass was an inmate at the Montana State Prison (MSP) serving terms of imprisonment exceeding thirty years on sentences imposed by district courts in Flathead and Lewis and Clark Counties between 1975 and 1979. On or about August 20, 1990, Pendergrass walked away from his prison job at the Territorial Prison Museum. He subsequently turned himself in and was charged with the offense of felony escape under 45-7-306, MCA. Pendergrass pled guilty to the charge and, in March of 1991, the District Court sentenced him to a three-year term of imprisonment at the MSP. The court specified that the sentence was to run consecutively to the sentences Pendergrass was serving.

Pendergrass was paroled on or about April 20, 1992. In the spring of 1994, his parole was revoked and he was returned to the MSP. Thereafter, he filed a habeas corpus petition with the District Court, claiming that he had served all of his sentences, including the escape sentence, because his sentences merged and began to run concurrently when he was paroled. The District Court denied his petition on the grounds that the consecutive sentences ran concurrently only while Pendergrass remained on parole.

In December of 1994, Pendergrass filed a habeas corpus petition with this Court. He claimed that, pursuant to 46-18-401(5), MCA, he had served all of his sentences--including the felony escape sentence--because the consecutive sentences merged and began to run concurrently when he was paroled. We denied his petition in August of 1995, on the grounds that the merger provision contained in 46-18-401(5), MCA, applies only if the sentencing court does not specify whether the sentences are to run concurrently or consecutively. In Pendergrass' case, the sent-

encing courts specified whether the sentences imposed were concurrent or consecutive and, therefore, the 46-18-401(5), MCA, merger provision did not apply.

In 1996, Pendergrass moved the District Court for correction of his felony escape sentence pursuant to our decision in State v. Nelson (1996), 275 Mont. 86, 910 P.2d 247. He also petitioned this Court for postconviction relief claiming that, under Nelson, he had been erroneously sentenced in 1991 for felony escape. We granted his petition and remanded to the District Court for resentencing under the misdemeanor escape provisions of 45-7-306, MCA. At the resentencing hearing, Pendergrass again argued that his escape sentence and the other sentences he was serving merged and began running concurrently when he was paroled. The District Court again rejected this argument and sentenced Pendergrass to six months in the Powell County Jail for misdemeanor escape, suspended on the condition that he pay a $500 fine to the Powell County Clerk of Court within four months of his release from prison. Pendergrass appeals.

Did the District Court err in concluding that Pendergrassþ escape sentence did not merge with the other sentences he was serving?

The District Court's resentencing order states that "the sentence imposed hereby does not merge with the sentences presently being served by [Pendergrass] as argued by [him]." District courts have broad discretion in sentencing criminal defendants and we ordinarily review sentences only to determine whether the court abused its discretion. State v. Zabawa (Mont. 1996), 928 P.2d 151, 157, 53 St.Rep. 1162, 1166 (citation omitted). Here, however, the District Court made a legal conclusion that Pendergrassþ sentences did not merge. We review a district courtþs conclusion of law to determine whether its interpretation of the law is correct. State v. Vargas (Mont. 1996), 928 P.2d 165, 166, 53 St.Rep. 1184, 1185 (citation omitted).

Pendergrass acknowledges that both the District Court and this Court previously have denied his merger arguments in the context of his escape sentence. Nevertheless, based on his underlying argument that the escape sentence merged with his other sentences and that all of the sentences began running concurrently when he was paroled in April of 1992, he contends in this appeal that the District Court was required to give him credit for time served pursuant to 46-18-402, MCA. The State of Montana argues that our denial of Pendergrass' merger argument in his previous habeas corpus action is now the law of the case and, therefore, Pendergrass cannot argue to the contrary in seeking credit for time served on the escape sentence.

Under the doctrine of law of the case, a prior decision by this Court resolving a particular issue between the same parties in

the same case is binding and cannot be relitigated in a subsequent appeal.  State v. Smith (1993), 261 Mont. 419, 430, 863 P.2d 1000, 1007 (citing State v. Van Dyken (1990), 242 Mont. 415, 425-26, 791 P.2d 1350, 1356).  Indeed, our prior decision must be adhered to throughout all subsequent proceedings, both in the trial court and on appeal.  See Haines Pipeline Const. v. Montana Power (1994), 265 Mont. 282, 289, 876 P.2d 632, 637.

Pendergrass raised his merger argument vis-a-vis his escape sentence in his 1994 habeas corpus action in this Court.  We rejected that argument, concluding that the merger provision contained in  46-18-401(5), MCA, did not apply.  On resentencing in the District Court for the same escape, Pendergrass premised his "time served" argument on the merger argument previously rejected by this Court.  The District Court was not free to ignore our decision or to make a legal conclusion contrary to, or inconsistent with, the law of the case as pronounced by this Court.  Haines, 876 P.2d at 637.  We hold, therefore, that the District Court did not err in concluding that Pendergrassþ escape sentence did not merge with the other sentences he was serving.

Affirmed.

/S/  KARLA M. GRAY


We concur:

/S/  WILLIAM E. HUNT, SR.
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER
/S/  W. WILLIAM LEAPHART