IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 00-474

2000 MT 294

OPINION AND ORDER

_____

JAMIE S. CHANDLER,

Petitioner,

MIKE MAHONEY, Warden, Montana State Prison,

Respondent.

_____

The Petitioner, Jamie S. Chandler, petitioned for a writ of habeus corpus pursuant to §§ 46-22-101 through -307, MCA. Chandler contends that he is being held illegally in violation of § 46-18-401(5), MCA (1993), which required that his sentence be merged at the time of his parole on April 10, 1998.

BACKGROUND

Chandler was originally sentenced to concurrent terms of five and ten years for seven counts of felony theft in May 1994. Chandler escaped from prison on October 14, 1994, and was sentenced to a consecutive term of two years for felony escape on October 10, 1995. On April 10, 1998, Chandler was paroled. The parole was to remain in force until February 5, 2003, with the prison portion of the sentence to be discharged September 7, 2000.

In his initial petition, Chandler contended that pursuant to § 46-18-401(5), MCA (1993), his consecutive sentence for escape should have merged when he was paroled for the underlying offenses on April 10, 1998. Therefore, he had successfully discharged his

sentence and was eligible for release on April 13, 2000. The statute on which Chandler relied provided as follows:

> (5) Except as provided in this subsection, whenever a prisoner is sentenced for an offense committed while he was imprisoned in the state prison or while he was released on parole or under the supervised release program, the new sentence runs consecutively with the remainder of the original sentence. The prisoner starts serving the new sentence when the original sentence has expired or when he is released on parole under Chapter 23, part 2 of this title in regard to the original sentence, whichever is sooner. In the latter case, the sentences run concurrently from the time of his release on parole.

§ 46-18-401(5), MCA (1993).

In response to Chandler's petition, the State relied on *State v. Pendergrass* (1997), 281 Mont. 129, 932 P.2d 1056. The State further argued that even if Chandler's sentences merged when he was paroled, those sentences reverted to consecutive sentences when the Board revoked Chandler's parole. In *Pendergrass*, we held that sentences merge only if the sentencing court does not specify whether the sentences are to run concurrently or consecutively. *Pendergrass*, 281 Mont. at 131, 932 P.2d at 1057. Because the sentencing court in *Pendergrass* specified that the sentence was to run consecutively, we determined that the § 46-18-401(5), MCA (1993) merger provision did not apply.

By order dated August 29, 2000, we held that subparagraph (5) of § 46-8-401, MCA (1993), had been repealed at the time his sentence for escape was imposed and that it was, therefore, inapplicable to him. Chandler then filed a document with this Court entitled "Petition for Review" which we deem a petition for rehearing pursuant to Rule 34, M.R. Civ.P.

In his petition for rehearing Chandler contended that, in dismissing his original petition, we overlooked *State v. Finley* (1996), 276 Mont. 126, 147, 915 P.2d 208, 22, in which we noted that "the law in effect at the time of the commission of the crime controls as to the possible sentence . . . ." Chandler's petition for rehearing, however, did not indicate the date of his escape. In an order dated September 26, 2000, we requested that the State respond to Chandler's petition for rehearing. We requested that the State indicate the date on which Chandler escaped from prison and, if that date was prior to the April 12, 1995 date on which the legislature repealed § 46-18-401(5), MCA (1993), respond to Chandler's

contention that the law in effect at the time of his offense applied to his sentence.

The State's reply verifies that Chandler escaped on October 14, 1994. Since that date precedes April 12, 1995, the State also responded to Chandler's argument that the law in effect at the time he committed the offense of escape applies to his sentence. The State apparently concedes that the applicable law in sentencing Chandler was the law in effect at the time Chandler escaped. The State, however, suggests that *Finley* is not dispositive. Rather, the State would have this Court analyze the repeal of § 46-18-401(5), MCA (1993), as ex post facto legislation.

## DISCUSSION

We first determine whether § 46-18-401(5), MCA (1993), is applicable to Chandler's sentence. Following careful analysis of the plain language of the statute, we conclude that the merger provision in subparagraph (5) applied and that Chandler's sentence for escape ran concurrently with his underlying sentence once he was paroled.

Subparagraph (5) of § 46-18-401, MCA (1993), was repealed by the 1995 Legislature. The repeal took effect April 12, 1995. Consequently, when Chandler escaped from prison on October 14, 1994, the merger provision contained in subparagraph (5) remained in effect. Therefore, Chandler's sentence for escape merged with the underlying sentence upon his parole.

This conclusion is inconsistent with our holding in *Pendergrass*, where we denied Pendergrass's original petition for habeas corpus because the sentencing judge specified that his underlying and subsequent sentences were to run consecutively. *Pendergrass,* 281 Mont. at 130-31, 932 P.2d at 1057. However, we now conclude that we misinterpreted § 46-18-401, MCA (1993), in deciding *Pendergrass*.

The introductory phrase "[u]nless the judge otherwise orders" which appears in § 46-18-401(1), MCA (1993), does not apply to subparagraph (5). Upon careful reading of the entire statute, it appears that the caveat contained in subparagraph (1) applies only to the following subparagraphs (a) and (b). It also appears that subparagraphs (2), (3), (4), and (5) operate independently of (1). Moreover, subparagraph (5) contains the language "[e]xcept as provided in this subsection" which expressly negates application of subparagraph (1). Therefore, the merger provisions of subparagraph (5) remained operative even if the sentencing judge specifically ordered consecutive sentences. Thus, pursuant to the

provisions of § 46-18-401(5), MCA (1993), when an inmate received a sentence for a crime committed while in prison, on parole, or under supervised release, the sentences automatically ran consecutively. When that inmate was paroled, however, the sentences began to run concurrently. Accordingly, we now hold that our application of subparagraph (1) to the merger provisions of subparagraph (5) in the order preceding the *Pendergrass* decision was incorrect. To the extent that *Pendergrass* held otherwise, it is reversed.

We also conclude that based on our decision in *Finley,* § 46-18-401(5), MCA (1993), applies to Chandler's sentence for the offense of escape. The facts now before us are similar to the facts in *Finley*. *See Finley*, 276 Mont. at 147-48, 915 P.2d at 221-22. Finley committed an offense on August 20, 1989. At that time, § 46-18-404, MCA did not grant the District Court the authority to defer determination of Finley's dangerous or non-dangerous offender status. In 1989, the legislature amended § 46-18-404, MCA, to give district courts the discretion to defer determination of dangerous or nondangerous offender status. The amendment, however, did not take effect until October 1, 1989. Accordingly, pursuant to the version of § 46-18-404, MCA, in effect when Finley committed his crimes, the District Court had no authority to defer determination of Finley's status. Therefore, we held that the District Court erred in deferring its determination of Finley's status as a dangerous or nondangerous offender and reversed that portion of Finley's sentence.

Likewise, Chandler escaped from prison on October 14, 1994. Although the legislature subsequently amended § 46-18-401, MCA (1993), and eliminated subparagraph (5), that amendment did not take effect until April 12, 1995. Thus, the law applicable to Chandler's sentence was § 46-18-401 (5), MCA (1993), not the amended version. Accordingly, we hold that Chandler's sentence for escape should have run concurrently as required by § 46-18-401 (5), MCA (1993).

IT IS ORDERED that Chandler's petition for review should be and is hereby deemed to be a petition for rehearing.

IT IS FURTHER ORDERED that Chandler's petition for rehearing is GRANTED.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to the Petitioner, Jamie S. Chandler; Diana Leibinger-Koch, Montana Department of Corrections; and the Montana Attorney General's Office.

DATED this 28th day of November, 2000.

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART