**Joshua BARNACASCEL, aka Joshua Waddington, Plaintiff—Appellant,**

v.

**State of MONTANA, DEPARTMENT OF CORRECTIONS; Rick Day, Director of M.D.O.C.; Mike Mahoney, Warden of M.D.O.C.; Leonard Mihelich, Deputy Warden; Janet Cox, Supervisor of the Records Department of the M.D.O.C., Individually and in their official capacities for the State of Montana, Defendants—Appellees.**

No. 03–35292.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2004.[*]

Decided June 25, 2004.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick Flaherty, Esq., Great Falls, MT, D. Rahn Hostetter, Esq., Enterprise, OR, for Plaintiff–Appellant.

Elizabeth S. Baker, AAG, Hughes, Kellner, Sullivan & Alke, Helena, MT, for Defendants–Appellees.

Before: BRUNETTI, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Appellant Joshua Barnacascel appeals the United States District Court for the District of Montana's grant of summary judgment to appellees on his 28 U.S.C. § 1983 damages claim arising out of his alleged incarceration past his properly calculated release date. Because Barnacascel's right to release was not clearly established until shortly before his actual release from prison, we affirm the district court's holding that appellees were entitled to qualified immunity on Barnacascel's § 1983 claim.

On January 15, 1987, Barnacascel pled guilty in Montana state court to felony robbery, and was sentenced to a term of imprisonment. Later that year, he was sentenced to two additional consecutive terms for an escape and an attempted escape. Barnacascel was granted parole in October, 1989, but this was revoked in April, 1994. In October, 1995, he was sentenced to an additional consecutive term for another escape. Barnacascel was granted parole for the second time in March, 1998, but his parole was again revoked in March, 2000.

Barnacascel claims that Montana law required that his consecutive sentences for escape and attempted escape merge into concurrent terms upon his paroles in 1994 and 1998. Appellees did not recalculate Barnacascel's sentences after his paroles, and Barnacascel asserts that this inaction evidences deliberate indifference to his constitutional right not to be confined beyond his proper release date.

As state actors, appellees are entitled to qualified immunity unless Barnacascel can establish both (1) that when considered in the light most favorable to Barnacascel, the facts alleged show the violation of a constitutional right, *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), and (2) that the constitutional right allegedly violated was "clearly established" in law. *Id.* at 202, 121 S.Ct. 2151.

■ Even when viewed in the light most favorable to him, the facts alleged by Barnacascel do not show violation of a constitutional right. Confinement beyond the end of an inmate's sentence only gives rise to § 1983 liability if the inmate's continued detention was the result of "deliberate indifference" by state actors. *Haygood v. Younger,* 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). To establish deliberate indifference, Barnacascel must show that appellees actually knew of his condition and risk of harm, yet failed to take reasonable steps to eliminate that risk. *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1970, 128 L.Ed.2d 811 (1994). Barnacascel does not make this showing. He did not alert appellees to his sentence merger concerns until July 9, 2000. And, the facts show that once so informed, appellees acted properly to investigate Barnacascel's claim, but reasonably concluded in light of existing Montana precedent that he was not entitled to sentence merger. *See State v. Pendergrass,* 281 Mont. 129, 932 P.2d 1056, 1057 (1997).

■ Furthermore, even if Barnacascel had established facts showing the violation of a constitutional right, appellees would still be entitled to qualified immunity because Barnacascel cannot show that his rights were clearly established in law. To be clearly established, the contours of a right must be "sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Saucier,* 533 U.S. at 202, 121 S.Ct. 2151. In other words, the unlawfulness of appellees' actions must have been apparent in light of existing law. *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

The earliest date on which Montana's current law regarding the transformation of consecutive sentences into concurrent terms upon parole can be said to have become clearly established is on September 7, 2000. On that date the Montana Supreme Court held in an unpublished decision that state law required that all consecutive sentences be merged into concurrent terms upon a grant of parole. *Nelson v. Mahoney,* 302 Mont. 542, 12 P.3d 429 (2000). Prior to September 7, 2000, controlling Montana Supreme Court precedent provided that this rule applied "only if the sentencing court does not specify whether the sentences are to run concurrently or consecutively." *Pendergrass,* 932 P.2d at 1057. Each of Barnacascel's three escape and attempted escape sentences was expressly stated to be consecutive by the sentencing judge.

Barnacascel was released from custody on October 13, 2000, thirty-six days after the *Nelson* decision. This may appear at first glance to be a significant period of time, but most of this delay can be attributed to a mistake by Barnacascel's counsel. On September 19, 2000 the Montana Supreme Court ordered Barnacascel's case remanded to the sentencing court for recalculation of his release date. On September 25, 2000, Barnacascel's attorney filed a petition for a hearing date on recalculation. However, this petition was filed with the wrong court, and was not acted upon. Recognizing the inaction of the sentencing court appellees, on their own initiative, recalculated Barnacascel's release date and arranged for his prompt discharge.

**AFFIRMED.**